FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

2018 APR -6 PM 2: 25

*[illegible stamp]*
DISTRICT OF FL...
...GO, FLORIDA

VANESSA NEWPORT,

　　　　*Plaintiff,*

v.

FRONTIER AIRLINE, INC.,

　　　　*Defendant.*

Case No.: 6:18-CV-536-ORL-18
GJK

Removed from: Circuit Court of the Ninth
Judicial Circuit, in & for Orange County, FL
Case No.: 2018-CA-2042

_____/

## DEFENDANT FRONTIER AIRLINES, INC.'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant FRONTIER AIRLINES, INC. ("Frontier") hereby removes the above-captioned civil action in its entirety from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2018-CA-2042, to the United States District Court for the Middle District of Florida, Orlando Division. In support of its Notice of Removal, which is based on diversity jurisdiction, Frontier states as follows:

1.　　This is a personal injury action arising out of an incident which is alleged to have occurred on February 14, 2016, onboard Frontier Flight 1220 from Las Vegas, Nevada to Orlando, Florida.

2.　　On February 27, 2018, Plaintiff Vanessa Newport instituted this civil action in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2018-CA-2042, asserting one count of negligence against Frontier. (Summons and Complaint attached as Exhibit A.)

3.　　In her Complaint, Plaintiff alleges that she was a passenger onboard Frontier Flight 1220, that she requested hot tea during beverage service, and that Frontier provided her

*Page 1 of 7*

with a cup of hot water and a tea bag so she could make her own tea. (Exhibit A, ¶¶ 6, 8, 9.) Plaintiff alleges that Frontier did not warn her that the beverage she was served was hot or that the aircraft may encounter turbulence. *Id.* at ¶¶ 10, 11. Plaintiff further alleges that the aircraft hit turbulence while she was making her tea which caused it to spill on her lap resulting in severe burns and permanent scarring. *Id.* at ¶ 12.

4.      Frontier was served with a copy of Plaintiff's Summons and Complaint on March 19, 2018. (Exhibit A.) This Notice of Removal is being filed within 30 days of Frontier's receipt of Plaintiff's initial pleading and is therefore timely under 28 U.S.C. § 1446(b)(1).

5.      28 U.S.C. § 1441(a) authorizes removal of any civil action brought in a State court of which the district courts of the United States have original jurisdiction. Original jurisdiction exists pursuant to 28 U.S.C. § 1332 where there is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

6.      Here, there is complete diversity of citizenship between Plaintiff and Frontier under 28 U.S.C. § 1332(a)(2)(1). Plaintiff is a citizen of Marion County, Florida. (Exhibit A, ¶ 2.) For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Frontier is incorporated in Colorado and has its principal place of business in Denver, Colorado. Since Plaintiff and Frontier are citizens of different states, there is complete diversity among the parties which provides this federal court with original jurisdiction.

7.      Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), Frontier asserts that the amount in controversy exceeds $75,000, exclusive of interest and costs for the following reasons:

a.      Plaintiff's Complaint alleges that "[t]his is an action for damages that exceeds the sum of fifteen thousand dollars ($15,000), exclusive of interest, costs and attorneys' fees" and seeks "compensatory damages in an amount in excess of the jurisdictional limits of this Court, exclusive of interest and costs." (Exhibit A, ¶¶ 1, 18.)

b.      Plaintiff's Complaint also alleges that as a result of the alleged incident, she has suffered bodily injury, permanent injury, future impairment, scarring, disfigurement, pain and suffering, medical expenses, lost income and wages, and other economic damages, as well as mental anguish, emotional distress, and loss of capacity for the enjoyment of life. *Id.* Further, Plaintiff's Complaint alleges that as a result of the alleged incident, Plaintiff is subject to future pain and suffering and future lost income and wages. *Id.*

c.      "When determining if an unspecified amount in controversy is met, the Court may look beyond the complaint to evidence relevant to the amount in controversy at the time the case was removed." *Ambridge v. Wells Fargo Bank, N.A.*, No. 8:14-cv-1212-EAK-TBM, 2014 U.S. Dist. LEXIS 126654, at *3 (M.D. Fla. Sept. 10, 2014). "Additionally, the Court may make reasonable deductions, reasonable inferences, or other reasonable extrapolations when determining if the amount in controversy is met." *Id.*

d.      Before she filed her lawsuit, on January 13, 2017, Plaintiff sent Frontier a written settlement demand. (Settlement demand attached as Exhibit B.) Plaintiff demanded $250,000 in settlement of her claim. *Id.* at p. 1, 4.

e.      "[S]ettlement offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of [her] claim and are entitled to more weight." *Washington v. Racetrac Petroleum, Inc.*;

No. 6:16-cv-334-Orl-28GJK, 2016 U.S. Dist. LEXIS 61352, at *7 (M.D. Fla. May 9, 2016) (citation omitted).

   f. Here, Plaintiff's settlement demand provides specific information to support her claim. (Exhibit B.) Specifically, Plaintiff's settlement demand indicates that after the alleged incident, she sat with hot liquid spilled on her for hours before she was able to check on and care for her injuries. *Id.* at p. 1. This delay allegedly worsened Plaintiff's injuries. *Id.* at p. 2. When Plaintiff eventually checked her injuries, she discovered severe burns to her left inner thigh, left leg, right inner thigh, and buttocks. *Id.*

   g. Plaintiff's settlement demand included her medical records, medical bills, and photographs of her injuries[1]. Plaintiff's medical records indicate that (i) she was diagnosed with second degree burns, (ii) she was prescribed antibiotics and painkillers, (iii) some of the burns were slow to heal, (iv) Plaintiff had difficulty sitting and was referred to hydrotherapy, and (v) Plaintiff was hospitalized for five days because she experienced a significant change in ambulatory ability due to an acute embolism and deep vein thrombosis (DVT) in her left leg. In her settlement demand, Plaintiff asserts that the DVT developed "because of her burns and because she was forced to be sedentary ... since the burns developed." (Exhibit B, p. 3.) Plaintiff's medical records also indicate that her physician prescribed a six-month medication protocol.

   h. Plaintiff's medical bills are in the amount of $24,382.14. This amount does not include the six-month medication protocol discussed above, or estimates for future medical treatment (if any).

---

[1] In the interest of protecting Plaintiff's right to privacy, these documents are not attached to this Notice of Removal. However, these documents are available and will be submitted to the Court upon request.

*Page 4 of 7*

    i.  Plaintiff's five-day hospitalization was from March 16, 2016 (Wednesday) to March 20, 2016 (Sunday) and likely resulted in Plaintiff being off work for at least three days.

    j.  Contemporaneous with this Notice of Removal, Frontier will serve Requests for Admission pursuant to Fed. R. Civ. P. 36 on Plaintiff to establish that she seeks to recover from Frontier more than $75,000 in this lawsuit. Frontier will not oppose remand if Plaintiff's responses do not establish the amount in controversy requirement. However, Frontier's assertion of the amount in controversy in this Notice of Removal is "plausible and adequately supported by evidence." *Eze v. Am. Equip. Leasing, LLC*, No. 6:11-cv-1213-Orl-22DAB, 2011 U.S. Dist. LEXIS 109989, at *15 (M.D. Fla. Sept. 27, 2011). Frontier submits that this case is immediately removable pursuant to 28 U.S.C. § 1446(b).

  8.  The United States District Court for the Middle District of Florida, Orlando Division is the federal court embracing the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida where the original action was filed. Thus, venue and removal to this Court are proper under 28 U.S.C. § 1441(a).

  9.  Pursuant to 28 U.S.C. § 1446(d), Frontier will promptly serve a copy of this Notice of Removal on Plaintiff and will promptly file a Notice of Filing of this Notice of Removal with the Clerk of the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.

  10.  Pursuant to 28 U.S.C. § 1446(a), Frontier has attached copies of all process, pleadings, and orders served upon Frontier in the State court record. (Exhibit A.)

  11.  The undersigned counsel has been specifically authorized to act on behalf of Frontier in seeking removal of this cause to the United States District Court for the Middle District of Florida, Orlando Division. Further, the undersigned counsel is a licensed attorney in

the State of Florida and is authorized to practice in the United States District Court for the Middle District of Florida.

WHEREFORE, Defendant FRONTIER AIRLINES, INC. hereby removes this action from the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case No. 2018-CA-2042, to the United States District Court for the Middle District of Florida, Orlando Division.

Date: April 6, 2018                              Respectfully Submitted,

                                                FRONTIER AIRLINES, INC.

                                                By: _____
                                                    Dennis R. O'Connor
                                                    Florida Bar Number: 376574
                                                    Nicholas J. Mari
                                                    Florida Bar Number: 123877
                                                    O'CONNOR & O'CONNOR, LLC
                                                    800 N Magnolia Ave, Suite 1350
                                                    Orlando, FL 32803
                                                    Phone: (407) 843-2100
                                                    Email: doconnor@oconlaw.com
                                                           nmari@oconlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2018, I caused the foregoing to be electronically filed with the United States District Court for the Middle District of Florida, Orlando Division, using the CM/ECF System and further certify that I caused a true and correct copy of this document to be served on the party identified below by depositing the same in a properly addressed envelope with proper postage prepaid in the U.S. Mail at 800 North Magnolia Avenue, Suite 1350, Orlando, FL 32803.

Christina Figueroa
HOGAN LAW
5626 Curry Ford Road, Suite 100
Orlando, Florida 32822

**ATTORNEY FOR PLAINTIFF**

By: _____
One of the attorneys for
Defendant Frontier Airlines, Inc.
O'CONNOR & O'CONNOR, LLC
800 N Magnolia Ave, Suite 1350
Orlando, FL 32803
Phone: (407) 843-2100
Email: doconnor@oconlaw.com
       nmari@oconlaw.com

*Page 7 of 7*