IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VANESSA NEWPORT,

    *Plaintiff,*

v.

FRONTIER AIRLINE, INC.,

    *Defendant.*

_____/

Case No.: 6:18-cv-536-Orl-18GJK

Removed from: Circuit Court of the Ninth Judicial Circuit, in & for Orange County, FL
Case No.: 2018-CA-2042

### DEFENDANT FRONTIER AIRLINES, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant FRONTIER AIRLINES, INC. ("Frontier") by its undersigned attorneys for its Answer and Affirmative Defenses to Plaintiff Vanessa Newport's Complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of fifteen thousand dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

**ANSWER:** Frontier lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore denies them.

2. At all times material hereto, Plaintiff, Vanessa Newport was a resident of Marion County, Florida.

**ANSWER:** Frontier admits only that Vanessa Newport is the plaintiff named in this action. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 2 and therefore denies them.

3. At all times material hereto, Defendant, Frontier Airlines, Inc., was a Foreign For Profit Corporation doing business in the State of Florida, including flying in and out of Orlando International Airport in Orange County, Florida, on a daily basis.

**ANSWER:** Frontier admits the allegations contained in Paragraph 3.

    4.    Venue is proper in Orange County.

**ANSWER:** Paragraph 4 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 4.

    5.    All conditions precedent to maintaining this action have been met or waived.

**ANSWER:** Paragraph 5 contains conclusions of law to which no response is required. In the event a response is deemed required, Frontier denies the allegations contained in Paragraph 5.

### FACTUAL ALLEGATIONS

    6.    Plaintiff purchased a ticket from Defendant to fly on Defendant's aircraft from Las Vegas, Nevada to Orlando, Florida, on or about February 14, 2016, on flight number F91220.

**ANSWER:** Frontier admits only that on February 14, 2016, Plaintiff was a ticketed passenger onboard Frontier Flight 1220 from Las Vegas, Nevada to Orlando, Florida. Frontier lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and therefore denies them.

    7.    At all times material to this action, Defendant employed, retained, gave authority to, or contracted with various persons and businesses to perform various functions and provide various services on the aircraft, including food and beverage service. In the alternative, the people and businesses who performed functions and provided services were held out to the public and Plaintiff as being the apparent agents, servants and employees of Defendant. At all times material to this action, the employees, agents, servants, or personnel were acting within the course and scope of their agency or employment thereby rendering Defendant liable for their acts and omissions.

**ANSWER:** Frontier admits only that it employed the flight attendants onboard Flight 1220 and that the Frontier flight attendants provided beverage service to passengers onboard Flight 1220. Frontier denies the remaining allegations contained in Paragraph 7.

8. During the flight to Orlando, Plaintiff ordered a hot tea, believing she would be served a pre-made hot tea.

**ANSWER:** Frontier lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies them.

9. Instead, Defendant's employees, agents, servants, or personnel negligently served Plaintiff a cup of scalding hot water and an unused tea bag so that Plaintiff had to make her own tea.

**ANSWER:** Frontier denies the allegations contained in Paragraph 9.

10. Defendant failed to warn Plaintiff of the dangerously high temperature of the hot water.

**ANSWER:** Frontier denies the allegations contained in Paragraph 10.

11. Furthermore, Defendant failed to warn Plaintiff of any oncoming turbulence that would interfere with Plaintiff's ability to safely make her tea.

**ANSWER:** Frontier denies the allegations contained in Paragraph 11.

12. As she tried to make her own tea with the scalding water, the aircraft hit turbulence and the water spilled on Plaintiff's lap, causing severe burns and permanent scarring.

**ANSWER:** Frontier denies the allegations contained in Paragraph 12.

13. Plaintiff was unable to get proper medical attention to address her severe burns until the flight landed hours later.

**ANSWER:** Frontier denies the allegations contained in Paragraph 13.

## NEGLIGENCE

14. Plaintiff adopts and re-alleges paragraphs 1 through 13 above as if fully set forth herein.

**ANSWER:** Frontier restates and incorporates its Answer to Paragraphs 1 through 13 as though fully set forth herein.

15. At all times material to this action, Defendant was in possession and control of the premises and had a duty to:

    a. Exercise ordinary and reasonable care for Plaintiff's safety;

    b.    Exercise ordinary and reasonable care to maintain the premises in a reasonably safe condition;

    c.    Inspect and correct dangerous conditions/perils that Defendant knew or should have known about as forth herein; and

    d.    Give timely notice of patent, latent or concealed dangerous conditions/perils that were known or should have been known to Defendant.

**ANSWER:** Frontier denies the allegations contained in Paragraph 15, including subparagraphs 15(a) through 15(d).

    16.    On or about February 14, 2016, Defendant, by and through its authorized representatives, agents, employees or other personnel breached its duties by:

    a.    Failing to exercise ordinary and reasonable care for Plaintiff's safety (i.e., serving dangerously hot water and forcing Plaintiff to take the top off to make her own tea during a turbulent flight);

    b.    Failing to keep the premises in a reasonably safe condition by permitting and (sic) unsafe condition to remain, creating a dangerous condition/concealed peril (i.e., serving dangerously hot water and forcing Plaintiff to take the top off the cup to make her own hot tea during a turbulent flight);

    c.    Failing to make a reasonable inspection or discover the dangerous conditions/concealed peril which it knew about or should have known about, (i.e., serving dangerously hot water and forcing Plaintiff to take the top off the cup to make her own hot tea during a turbulent flight);

    d.    Failing to reasonably correct or repair this dangerous conditions/concealed peril it knew about or should have known about, (i.e., correct the peril by serving pre-made hot tea so passengers would not have to expose themselves to an uncovered cup of dangerously hot water on a turbulent flight);

    e.    Failing to take adequate safety measures and precautions to protect its invitees including Plaintiff from the dangerous condition/concealed peril Defendant knew or should have known about (i.e., precautions such as serving pre-made hot tea so passengers would not have to expose themselves to an uncovered cup of dangerously hot water on a turbulent flight);

    f.    Failing to warn Plaintiff of the existence of the dangerous conditions/concealed peril Defendant knew about or should have known about (i.e., warning Plaintiff of

the dangerously hot temperature of the water, and warning Plaintiff of the likelihood of turbulence).

**ANSWER:** Frontier denies the allegations contained in Paragraph 16, including subparagraphs 16(a) through 16(f).

17. The negligent and dangerous conditions were known to Defendant, or had existed for a sufficient length of time so that Defendant should have known of them through the exercise of reasonable care.

**ANSWER:** Frontier denies the allegations contained in Paragraph 17.

18. As a direct and proximate result, Plaintiff was injured, including bodily injury, permanent injury and future impairment, scarring, disfigurement, past and future pain and suffering, past and future medical expenses, and past and future lost income and wages, other economic damage, mental anguish, emotional distress and the loss of capacity for the enjoyment of life.

**ANSWER:** Frontier denies the allegations contained in Paragraph 18.

## GENERAL DENIAL

Defendant FRONTIER AIRLINES, INC. denies all allegations of Plaintiff's Complaint which are not specifically admitted above.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Defendant FRONTIER AIRLINES, INC. raises and preserves the following Affirmative Defenses:

1. Plaintiff's Complaint fails, in whole or in part, to state a cause of action upon which relief can be granted.

2. Plaintiff's action is filed in an improper venue.

3. Plaintiff's action is barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff's claims are barred, in whole or in part, by *res judicata*, collateral estoppel, laches, waiver, or unclean hands.

5. Plaintiff's action may be governed, in whole or in part, by the laws of jurisdictions other than Florida.

6. Plaintiff's claims are preempted, in whole or in part, by federal law.

7. The federal standard of care under 14 C.F.R. § 91.13(a) applies to Frontier.

8. Plaintiff's alleged damages, if any, are barred or limited under applicable law.

9. Plaintiff's alleged damages, if any, may have been directly and proximately caused by an unavoidable accident or an act of god for which Frontier is not responsible.

10. Plaintiff's alleged damages, if any, are barred or limited under applicable law due to Plaintiff's failure to mitigate damages.

11. Plaintiff's alleged damages, if any, were caused in whole in part by the assumption of risk, fault, neglect, want of care, or independent, intervening, or superseding acts or omissions or other culpable conduct of Plaintiff herself for which Frontier is not responsible.

12. Plaintiff's recovery, if any, shall be barred or diminished to the extent that such injury or damage was proximately caused by negligence or other tortious misconduct on the part of Plaintiff or third parties.

13. Frontier denies that its conduct was a cause or proximate cause of Plaintiff's alleged damages. Further, Plaintiff's alleged damages, if any, were caused in whole or in part, by acts or omissions, including but not limited to, unusual negligent or willful acts or omissions by other persons or entities, named or unnamed, over whom Frontier has no control or right to control.

14. Plaintiff's claims and recovery are barred, in whole or in part, by the applicable laws governing comparative fault, contributory negligence, and assumption of risk due to the acts or omissions of unknown third parties for which Frontier is not responsible.

15. Plaintiff's alleged damages, if any, were caused by the acts or omissions of other persons or entities for which Frontier is not liable. In the event Frontier is found liable to Plaintiff, which Frontier expressly denies, Frontier may be entitled to indemnification or contribution from such third parties, or apportionment of liability and fault against such third parties pursuant to applicable law and reserves its right to seek the same.

16. Some or all of Plaintiff's claims may be barred, in whole or in part, because Plaintiff may have already received full satisfaction or compensation for her alleged damages, if any, and Plaintiff's claims may be barred by such prior release of claims or accord and satisfaction with any entity.

17. If Plaintiff has available to her and has received benefits paid by a collateral source for her injuries and damages, if any, Frontier is entitled to a setoff of these amounts against any amount of damages awarded against it, if any, pursuant to Florida Statute § 768.76.

18. Plaintiff's claims are barred, in whole or in part, by contractual release, disclaimer, or limitations remedies entered into by Plaintiff.

19. Plaintiff's claims are barred or limited pursuant to contract.

20. Plaintiff's claims are waived, in whole or in part, pursuant to contract.

21. Frontier has complied with all applicable codes, standards, and regulations of the United States and agencies thereof.

**RESERVATION OF FURTHER DEFENSES**

Defendant FRONTIER AIRLINES, INC. reserves the right to supplement and amend its defenses to this action, including its Affirmative Defenses, as necessary in light of the allegations, facts, claims, and changes or modifications in the law.

## JURY DEMAND

Defendant FRONTIER AIRLINES, INC. demands trial by jury.

Date: April 11, 2018                              Respectfully Submitted,

**FRONTIER AIRLINES, INC.**

By: /s/ _____
Dennis R. O'Connor
Florida Bar Number: 376574
Nicholas J. Mari
Florida Bar Number: 123877
O'CONNOR & O'CONNOR, LLC
800 N. Magnolia Avenue, Suite 1350
Orlando, Florida 32803
Phone: (407) 843-2100
Email: doconnor@oconlaw.com
        nmari@oconlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2018, I caused the foregoing to be electronically filed with the United States District Court for the Middle District of Florida, Orlando Division, using the CM/ECF System.

By: /s/ _____
One of the attorneys for
Defendant Frontier Airlines, Inc.
O'CONNOR & O'CONNOR, LLC
800 N. Magnolia Avenue, Suite 1350
Orlando, Florida 32803
Phone: (407) 843-2100
Email: doconnor@oconlaw.com
        nmari@oconlaw.com