UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VANESSA NEWPORT,

       *Plaintiff*,

v.                                    Case No.: 6:18-cv-00536-Orl-18GJK

FRONTIER AIRLINES, INC.,        Hon. G. Kendall Sharp
                                          Magistrate Judge Karla R. Spaulding

       *Defendant*.

_____/

## CASE MANAGEMENT REPORT

Plaintiff VANESSA NEWPORT ("Plaintiff"), by her undersigned attorney, and Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned attorneys, have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c).

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1) as amended effective December 1, 2000)** | June 21, 2018 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | Completed |
| **Motions to Add Parties or Amend Pleadings** | July 23, 2018 |
| **Disclosure of Expert Reports** <br>                                       **Plaintiff:** <br>                                       **Frontier:** | <br> February 15, 2019 <br> March 15, 2019 |
| **Discovery Deadline** | April 26, 2019 |
| **Dispositive Motions, *Daubert*, and *Markman* motions** | June 7, 2019 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | July 19, 2019 |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** | July 30, 2019 |
| **All Other Motions Including Motions *in Limine*, Trial Briefs** | August 20, 2019 |
| **Final Pretrial Conference** | September 10, 2019 |
| **Trial Term Begins** | October 1, 2019 |
| **Estimated Length of Trial** | 5 days |
| **Jury / Non-Jury** | Jury |
| **Mediation**<br><br>Deadline:<br>Mediator:<br>Address:<br><br><br><br>Telephone: | February 1, 2019<br>Stan Strickland<br>Mediate First, Inc.<br>200 E. Robinson St., #700,<br>Orlando, Florida 32801<br><br>(407) 649-9495 |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes ___     No _X_<br><br>Likely to Agree in Future<br>_____ |

## I.     Meeting of Parties in Person

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agrees on a different location. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held in

person on May 17, 2018 at O'Connor & O'Connor, LLC, 800 North Magnolia Avenue, Suite 1350, Orlando, Florida 32803 at 3:00 p.m. and was attended by:

| | |
|---|---|
| Christina Figueroa | Counsel for Plaintiff |
| Nicholas J. Mari | Counsel for Frontier |
| Tara Shelke (by telephone) | Counsel for Frontier |

**II.     Pre-Discovery Initial Disclosures of Core Information**

**Fed R. Civ. P. 26(a)(1)(A) – (D) Disclosures**

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties agree to exchange information described in Fed. R. Civ. P. 26(a)(1)(A) – (D) by June 21, 2018.

Below is a description of information disclosed or scheduled for disclosure.

All information required to be disclosed by Fed. R. Civ. P. 26(a)(1).

**III.     Agreed Discovery Plan for Plaintiffs and Defendants**

**A.     Certificate of Interested Persons and Corporate Disclosure Statement –**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper – including emergency motion – is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

Yes. Plaintiff filed her Certificate of Interested Persons and Corporate Disclosure Statement on May 8, 2018. Frontier filed its Certificate of Interested Persons and Corporate Disclosure Statement on April 11, 2018.

**B.      Discovery Not Filed –**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03(f). The parties further agree as follows:

The parties will serve all discovery requests and responses (including document productions) via email on all counsel of record. Each party will Bates number all documents it produces during written discovery.

**C.      Limits on Discovery –**

Absent leave of Court, the parties take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties, each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

**1.      Depositions**

In addition to the limits discussed in Section III. C. above, the parties agree that depositions will be conducted in the city and state where each deponent resides, is employed, or regularly transacts business in person.

**2.      Interrogatories**

No further limits other than as discussed in Section III. C. above.

**3.      Document Requests**

No further limits other than as discussed in Section III. B. above.

    **4.    Requests to Admit**

No further limits.

    **5.    Supplementation of Discovery**

No further limits. The parties agree to abide by the provisions of Fed. R. Civ. P. 26.

**D.    Discovery Deadline –**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

No further agreement.

**E.    Disclosure of Expert Testimony –**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

No further agreement.

**F.    Confidentiality Agreements –**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties anticipate that during written discovery, they may each produce certain written materials which they believe contain personal health information, trade secrets, proprietary information, or research, technical, commercial, or financial information that a party has maintained as confidential. The parties will agree to and execute, through counsel, a Confidentiality Agreement which will allow them to designate these materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" subject to the terms and conditions set forth in such Confidentiality Agreement.

The parties also anticipate that Plaintiff may request from Frontier certain written materials that may be deemed "Sensitive Security Information" ("SSI") under federal law. In such event, Frontier will submit such documents to the Transportation Security Administration ("TSA") for a SSI determination. If the TSA determines that certain discoverable material is SSI, Plaintiff will be required to follow TSA procedure regarding gaining access to such information.

    **G.**    **Other Matters Regarding Discovery –**

None at the present time.

**IV.**    **Settlement and Alternative Dispute Resolution**

    **A.**    **Settlement –**

The parties agree that settlement is likely.

The parties are likely to agree in the future to a settlement conference before a United States Magistrate Judge.

    **B.**    **Arbitration –**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

No, the parties do not agree to either binding or non-binding arbitration.

C. **Mediation** –

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

D. **Other Alternative Dispute Resolution** –

The parties intend to pursue the following other methods of alternative dispute resolution:

None at the present time.

Date: June 1, 2018                                          Respectfully Submitted,

**VANESSA R. NEWPORT**                         **FRONTIER AIRLINES, INC.**


/s/ Christina Figueroa                                       /s/ Tara Shelke

Christina Figueroa (FBN: 120248)              Brian T. Maye (admitted *pro hac vice*)
HOGAN LAW                                              Tara Shelke (admitted *pro hac vice*)
5626 Curry Ford Road, Suite 100              ADLER MURPHY & McQUILLEN LLP
Orlando, Florida 32822                              20 South Clark Street, Suite 2500
Phone: (407) 377-0700                              Chicago, Illinois 60603
Email: christina@hoganpa.com                 Phone: (312) 345-0700
                                                                  Email: bmaye@amm-law.com
                                                                           tshelke@amm-law.com

                                                                  -And-

                                                                  Dennis R. O'Connor (FBN: 376574)
                                                                  Nicholas J. Mari (FBN: 123877)
                                                                  O'CONNOR & O'CONNOR, LLC
                                                                  800 N. Magnolia Avenue, Suite 1350
                                                                  Orlando, Florida 32803
                                                                  Phone: (407) 843-2100
                                                                  Email: doconnor@oconlaw.com
                                                                           nmari@oconlaw.com

*Attorney for Plaintiff Vanessa Newport*      *Attorneys for Defendant*
                                                                  *Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, I caused the foregoing to be electronically filed with the United States District Court for the Middle District of Florida, Orlando Division, using the CM/ECF System.

By:   */s/ Tara Shelke*
One of the attorneys for Defendant
Frontier Airlines, Inc.
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
        tshelke@amm-law.com