IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VANESSA NEWPORT,

    *Plaintiff*,

v.                                     Case No.: 6:18-cv-00536-GKS-GJK

FRONTIER AIRLINES, INC.,

    *Defendant*.
_____/

**DEFENDANT FRONTIER AIRLINES, INC.'S RESPONSE TO**
**PLAINTIFF VANESSA NEWPORT'S MOTION TO COMPEL**

COMES NOW, Defendant FRONTIER AIRLINES, INC. ("Frontier"), by and through its undersigned counsel, hereby responds to Plaintiff VANESSA NEWPORT ("Newport")'s Motion to Compel [Mediation] filed December 27, 2018 (Doc. 20), and states as follows:

1. Preliminarily, we recognize that this Response is a day late under Local Rule 3.01(b). We regret the error and apologize to the Court. We had hoped no response would be necessary as indicated below.

2. Plaintiff's motion did not comply with several aspects of Local Rule 3.01. Even if it had, the relief requested should be denied because it is Frontier, not Plaintiff, who has worked diligently to complete discovery and mediation in this matter.

3. First, the motion does not contain a memorandum of law as required by Rule 3.01(a). Nor does it "include a concise statement of the precise relief requested." *Id.* It is unclear whether Plaintiff seeks to compel the selection of a mediator, the establishment of a mediation date, or some combination of the two. Frontier is not exactly sure what it is responding to as a result.

4. More importantly, the motion does not comply with the good faith conference requirements of Rule 3.01(g). As shown in the exhibits to Plaintiff's motion, Plaintiff's counsel's *paralegal* sent several emails to and from Frontier's attorneys regarding the scheduling of several depositions and mediation. Given that Frontier's lawyers who would be taking the depositions reside in Illinois, scheduling was a bit more complicated in the interests of accomplishing everything without multiple flights.

5. The "final notice" prior to motion was a letter from Plaintiff's counsel, signed in her absence, demanding mediation to be scheduled within four days. This letter is the only indication that Plaintiff's counsel had any personal involvement with the subject matter of the motion prior to its filing.

6. Immediately after the motion was filed, Frontier's counsel contacted Plaintiff's counsel's office, who informed Frontier that no attorneys were available to discuss due to the holidays.

7. Frontier finally made contact with Plaintiff's counsel on January 7, 2019.

8. As memorialized in an email from Frontier's counsel to Plaintiff's counsel that same day, the parties agreed to a new mediator (given the prior mediator's unavailability), and it was agreed that mediation would be scheduled by January 10. See Ex. 1. Frontier confirmed, "Doing so will render your motion to compel mediation moot, and you will withdraw your motion." *Id.* Several other scheduling issues were also resolved.

9. Minutes later, Frontier offered four mediation dates in February convenient to Frontier and the mediator.

10. Several more emails followed, with the parties tentatively agreeing to a February 22 mediation subject to other depositions being completed prior to that date. See Ex. 2-5.

However, Plaintiff's counsel (and her paralegal) have failed to confirm the depositions or otherwise respond to Frontier's several scheduling requests, and nothing has been formalized. *Id.* Some emails indicate that they were accompanied by calls that were unanswered and unreturned. *Id.*

11. In short, it appears that the scheduling issues are very close to resolution, but Frontier is struggling to obtain cooperation from Plaintiff.

12. It is unfortunate that these non-substantive issues have come before the Court. However, Plaintiff has the duty to "contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion." M.D. Fla. Local R. 3.01(g).

13. It is apparent that Frontier agrees to mediate. It is apparent that Frontier agrees to mediate on February 22 so long as routine depositions of individuals presumably within the Plaintiff's control are coordinated. Plaintiff therefore should have updated the Court that at least some of the issues in its motion have been resolved, notwithstanding the motion's lack of clarity as to what exactly is requested.

14. Finally, it is elementary that trial courts have broad discretion in controlling discovery. *See, e.g., TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014). Given Frontier's clear efforts to avoid court intervention and Plaintiff's lack of diligence in cooperation, the Court should exercise its discretion and deny the motion on the merits even if compliance with Rule 3.01 is found.

WHEREFORE, respectfully, Defendant FRONTIER AIRLINES, INC. hereby requests that Plaintiff VANESSA NEWPORT's Motion to Compel be denied.

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by Electronic Mail via the Middle District CM/ECF Filing System to: Christina Figueroa, Esq., Hogan Frick Law, 5626 Curry Ford Rd, Orlando, FL  32822-1424, christina@hoganfrick.com on this **11th** day of January, 2019.

                                             /s Derek J. Angell
                                             DEREK J. ANGELL, ESQ.
                                             Fla. Bar No. 73449
                                           dangell@oconlaw.com
                                           O'CONNOR & O'CONNOR, LLC
                                           800 N Magnolia Ave, Ste 1350
                                           Orlando, FL 32803
                                           (407) 843-2100 T
                                           (407) 843-2061 F
                                           www.oconlaw.com