# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISOIN

VANESSA NEWPORT                                              CASE NO:  6:18-CV-536-Orl-18GJK

    Plaintiffs,

vs.

FRONTIER AIRLINES, INC.,

    Defendant.
_____/

## PLAINTIFF'S EXHIBIT LIST

COMES NOW the Plaintiff, VANESSA NEWPORT, by and through their undersigned counsel and pursuant to the Amended Order Scheduling Cause for Pre Trial Conference and Jury Trial, dated June 11, 2018, hereby submit the following exhibit list:

1. Any and all photographs of related to this accident;

2. Any and all photographs of the scene of this accident;

3. Any and all records, diagrams, sketches, videotapes and/or photographs of this incident and/or the injuries suffered by Plaintiff as the result of the subject accident;

4. Photographs, audio and/or videotapes, DVDs, CD-ROMs, including photographs taken by either party or any agent or expert on behalf of said party;

5. Any and all photographs of the Plaintiff before and after the incident at issue;

6. Any and all surveillance videotapes;

7. Any and all statements of witnesses taken in this case;

8. Records from all collateral sources including, but not limited to Aetna, Medicare and/or

Medicaid.

9. Any and all medical records, diagnostic studies, films, pathology slides and reports, EEGs, radiological testing (including but not limited to x-rays, CT scans, MRIs, ultrasounds, bone scans or other), physical therapy records, vocational records and bills relating to the care and treatment provided to Plaintiff including, without limitation, records of the following healthcare providers:

   a. Central Florida Cancer and Blood Center, 3120 SW 27th Avenue, Suite 200, Ocala, FL 34474.

   b. Esoterix Coagulation Lab, 8490 Upland Dr Ste 100, Englewood, CO 80112-7116.

   c. Express Care of Ocala, 1834 SW 1st Avenue Suite201, Ocala, FL 34471-8102.

   d. Munroe Regional Medical Center, 1500 5W 1st Ave, Ocala, FL 34474.

10. Records for any and all treating healthcare providers who examined and/or treated Plaintiff including all physicians, nurses, technicians, therapists or other treating caretakers providing care and treatment to Plaintiff relevant to the injuries suffered as a result of the subject accident;

11. Any and all materials, documents, records, notes and reports generated by any expert used at trial relating to Plaintiff, including Plaintiff's treating physicians;

12. Any and all materials, documents, records, notes reports, demonstrative and visual aids created and/or utilized by an expert and lay witness in testifying.

13. All articles identified by any expert or established as authoritative literature on any issue relating to this action;

14. All articles, publications and all relevant medical literature listed in any of treating physicians' or Plaintiff's experts' Curriculum Vitae, as well as any other

article/publication they have authored or edited, testified to, or utilized in connection with their teaching, as well as all medical articles they referenced, researched or relied upon in forming their opinions;

15. Curriculum Vitae of all treating physicians and experts;
16. Insurance records and related documents including records from FRONTIER AIRLINES, INC.;
17. All exhibits disclosed by Defendants;
18. Transcripts of all depositions and exhibits thereto taken in this case or to be taken in this case;
19. Prior deposition transcripts, trial transcripts, and/or reports of Defendants' experts and treating providers; deposition transcripts, trial transcripts, and/or reports of Plaintiff's treating physicians and experts taken in other cases;
20. Any and all applicable statues, ordinances, codes, rules and regulations;
21. Any and all photographs, graphs, charts, sketches, videotapes, and any other documentary evidence in this case;
22. Any and all blackboards, anatomical drawings and models, medical illustrations, graphs, pictures, charts, blowups, enlargements or reproductions and/or transparencies of medical and hospital records, demonstrative aids, medical literature, videos, and photographs allowed by the Federal Rules of Evidence.
23. Any and all demonstrative aids for trial including exemplar exhibits, timelines, anatomical, medical illustrations, models and/or photographs;
24. Mortality tables;
25. Impeachment and Rebuttal evidence;

26. Any and all billing, invoices and statements related to the incident at issue;

27. All answers to interrogatories;

28. All depositions and exhibits to any depositions taken in this action, with any and all errata sheets, exhibits to the deposition, and all records referenced to by the deponent;

29. All items, materials and documents produced in responses to Requests to Produce and Request for Admissions, documents received in response to Notices of Production from Non-Parties and Subpoenas Duces Tecum served in this action;

30. Any and all pleadings, documents or other papers filed with the Court in this matter;

31. All exhibits designated between now and the start of trial.

Plaintiff reserves the right to amend this list.

## CERTIFICATE OF SERVICE

**I CERTIFY** that on this 15th of February, 2019, I electronically filed the foregoing with the e-filing portal which will furnish a true and correct copy via e-mail to Tara Shelke from Adler Murphy and McQuillen, LLP, Attorney for Defendant, FRONTIER AIRLINES, INC.

/s/ Christina Figueroa
CHRISTINA FIGUEROA, ESQ.
Florida Bar No.: 120248
Hogan Law, P.A.
5734 S. Semoran Blvd
Orlando, FL 32822
Tel: (407) 377-0700
Fax: (407) 377-0701
*Attorneys for Plaintiff*