## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| VANESSA NEWPORT, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 6:18- CV-536-0RL-18GJK |
| ) | |
| FRONTIER AIRLINES, INC., ) | |
| ) | |
| *Defendant*. ) | |

### NOTICE OF VIDEOTAPED DEPOSITION

TO:   Christina Figueroa
      HOGAN, P.A.
      5734 S. Semoran Blvd.
      Orlando, FL 32822

      PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30 , Defendant FRONTIER AIRLINES, INC. will take the videotaped deposition upon oral examination of Ravi Koti, M.D., before an officer authorized to administer oaths on December 21, 2018 at 10:00 A.M. at O'CONNOR & O'CONNOR, LLC, 800 North Magnolia Ave., Suite 1350, Orlando, FL 32803. Said deposition will be recorded by stenographic and videographic means and will continue until it is adjourned.

DATED: December 10, 2018           */s/ Tara Shelke*_____
                                     One of the Attorneys for
                                     Defendant Frontier Airlines, Inc.

Brian T. Maye
Tara Shelke
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Tel: (312) 345 – 0700

-AND-

Dennis R. O'Connor
O'CONNOR & O'CONNOR, LLC
800 North Magnolia Ave., Suite 1350
Orlando, FL 32803

## CERTIFICATION OF SERVICE

I, Katelyn B. Macholan, a non-attorney, hereby certify under penalties of perjury that this Certificate of Service and foregoing NOTICE OF VIDEOTAPED DEPOSITION were served on the below named individuals by electronic mail and by placing them in a properly addressed envelope and depositing the same in the U.S. Mail at 20 South Clark Street, Chicago, Illinois 60603 with proper postage prepaid before 5:00 p.m. on December 10, 2018.

**ATTORNEY FOR PLAINTIFF**
Christina Figueroa
HOGAN, P.A.
5734 S. Semoran Blvd.
Orlando, FL 32822

Brian T. Maye
Tara Shelke
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Tel: (312) 345 – 0700

-AND-

Dennis R. O'Connor
O'CONNOR & O'CONNOR, LLC
800 North Magnolia Ave., Suite 1350
Orlando, FL 32803

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Florida

| | |
|---|---|
| VANESSA NEWPORT | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   6:18- CV-536-0RL-18GJK |
| FRONTIER AIRLINES INC. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         Ravi Koti, M.D.
                   2494 SW 19th Avenue Rd, Ocala, FL 34471
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: O'CONNOR & O'CONNOR, LLC | Date and Time: |
|---|---|
| 800 North Magnolia Ave., Suite 1350<br>Orlando, FL 3280 | 12/21/2018 10:00 am |

     The deposition will be recorded by this method:    Video and Stenographer

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all medical records of patient Vanessa Newport (DOB: 02/13/1956)

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      12/10/2018

        *CLERK OF COURT*
                               OR

                                                    /s/ Tara Shelke

        *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Frontier Airlines, Inc
                                                      , who issues or requests this subpoena, are:
Tara Shelke, 20 S. Clark Street, Suite 2500, Chicago, IL 60603; tshelke@amm-law.com; (312) 345 - 0700

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 6:18- CV-536-0RL-18GJK

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named individual as follows: via certified mail reciept #

70180680000098399862 _____

_____ on *(date)* 12/10/2018 ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____40.00_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .


I declare under penalty of perjury that this information is true.


Date: ___12/10/2018___                        _____
                                                                   *Server's signature*

                                                        Katelyn B. Macholan/ Paralegal
                                                                   *Printed name and title*
                                                        20. Clark Street, Suite 2500
                                                        Chicago, IL 60603

                                                        _____
                                                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



# Adler Murphy & McQuillen LLP

20 South Clark Street, Suite 2500, Chicago, Illinois 60603-1804
Telephone: 312.345.0700 Facsimile: 312.345.9860
www.amm-law.com

December 10, 2018

**VIA CERTIFIED MAIL (70180680000098399862)**
Ravi Koti, M.D.
2494 SW 19th Avenue Rd
Ocala, FL 34471

Re:    *Vanessa Newport v. Frontier Airlines, Inc.*
Case No.: 6:18-CV-536-ORL-18GJK (U.S District Court Middle District of Florida)
AMM File No.: 16AZF0216

Dear Dr. Koti,

Our firm represents Defendant Frontier Airlines, Inc. in the above-referenced litigation pending in the United States District Court for the Middle District of Florida. You have been identified as a treating physician with potential information regarding the issues of this case. Accordingly, we would like to take your deposition. Enclosed please find a Subpoena to Testify at a Deposition in a Civil Action and Notice of Deposition.

Pursuant to 28 U.S.C. §1821(b), we enclose a check in the amount of $40.00. Additionally, we will reimburse you your typical deposition rate as well as your actual travel expenses after your deposition.

While both the Subpoena and Notice of Deposition indicate that your deposition will proceed on December 21, 2018 at 10:00 a.m. at the offices of O'Connor & O'Connor, LLC, we are certainly amenable to working with you to take your deposition on a date, time, and appropriate location that may be more convenient for you. However, please note that due to Court-ordered deadlines, we would like to take your deposition before February 1, 2019.

Please contact us upon receipt of this letter, at (312) 422-5784 or via email at kmacholan@amm-law.com, so we can confirm the date, time, and location of your deposition.

Thank you in advance for your prompt attention to this matter.

Very truly yours,

**ADLER MURPHY & McQUILLEN** LLP

Katelyn B. Macholan
Paralegal

KBM
Enclosures
cc:    All Counsel of Record (via email)