# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VANESSA NEWPORT,**

      **Plaintiff,**

v.                                        Case No:   6:18-cv-536-Orl-18GJK

**FRONTIER AIRLINES, INC.,**

      **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT FRONTIER AIRLINES, INC.'S UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINE (Doc. No. 31)** |
| **FILED:** | **April 25, 2019** |
| | **THEREON** it is **ORDERED** that the motion is **DENIED**. |

On April 25, 2019, Defendant filed a motion asking to delay this case for sixty days to accommodate one non-party witness (the "Motion"). Doc. No. 31. Specifically, Defendant has agreed to delays in taking the deposition of Plaintiff's treating physician, Dr. Ravi Koti, to the extent that the most recent agreed date for his (possible) deposition is May 31, 2019, more than thirty days after the April 26, 2019, discovery deadline.[1] *Id.* at ¶ 12. Although the Motion's title

---

[1] Defendant represents that Dr. Koti is now requesting that his deposition be taken by written questions and sworn answers, but Defendant "has reserved its right to take Dr. Koti's deposition after it receives Dr. Koti's sworn answers to the Parties' written questions." Doc. No. 31 at ¶ 11.

references only the discovery deadline, Defendant requests that all subsequent deadlines also be extended by sixty days so that Dr. Koti's deposition can be used in a potential summary judgment motion. *Id.* at ¶ 15.

On June 11, 2019, the Court entered a Case Management and Scheduling Order ("CMSO"), which states, "Motions to extend the dispositive motions deadline or to continue the trial are generally denied." Doc. No. 15 at 4. They will only be granted "when necessary to prevent manifest injustice." *Id.* Such motions must comply with Local Rule 3.09. *Id.* Local Rule 3.09(d) states, "Motions to continue trial must be signed by the attorney of record who shall certify that the moving party has been informed of the motion and has consented to it." The CMSO also states the following:

> A motion to extend an established deadline normally will be denied if the motion fails to recite that: 1) the motion is joint or unopposed; 2) the additional discovery is necessary for specified reasons; 3) all parties agree that the extension will not affect the dispositive motions deadline and trial date; 4) all parties agree that any discovery conducted after the dispositive motions date established in this Order will not be available for summary judgment purposes; and 5) no party will use the granting of the extension in support of a motion to extend another date or deadline.

Doc. No. 15 at 4.

The Motion fails to comply with Local Rule 3.09 and fails to satisfy the last three of the five factors enumerated above. First, the Motion fails to comply with Local Rule 3.09 because there is no certification that Defendant was informed of the Motion and consented to it.

Second, the extensions will affect the dispositive motions and trial date, as Defendant is seeking to extend those deadlines by sixty days based on the requested extension of the discovery deadline. Doc. No. 31 at ¶ 15. Third, Defendant specifically states that the discovery conducted beyond the date in the CMSO may be used for summary judgment purposes. *Id.* Fourth, Defendant

is seeking to extend all the remaining deadlines based on extending the discovery deadline, *id.*, and thus is using the granting of one extension to justify granting additional extensions of time.

Defendant fails to establish that manifest injustice will result if the dispositive motions and trial deadline are not extended by sixty days. The deadline for dispositive motions is June 7, 2019, and the deadline for counsel to meet to prepare the joint final pretrial statement is July 19, 2019. Doc. No. 15 at 1. Both dates are subsequent to the potential deposition date of May 31, 2019, of Dr. Koti. Doc. No. 31 at ¶ 12.

As the Motion does not comply with the CMSO, and Defendant does not establish either manifest injustice or good cause for extending the deadlines in the CMSO, it is **ORDERED** that the Motion (Doc. No. 31) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on April 29, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record