IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

VANESSA NEWPORT,  Case No.

    Plaintiff,

Vs.

FRONTIER AIRLINE, INC., a Foreign
For Profit Corporation,

    Defendant.
_____/

## PLAINTIFF'S COMPLAINT

Plaintiff, VANESSA NEWPORT, by and through her undersigned counsel, sues the Defendant, FRONTIER AIRLINE, INC., a Foreign For Profit Corporation, and alleges the following:

### JURISDICTIONAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. At all times material hereto, Plaintiff, VANESSA NEWPORT was a resident of Marion County, Florida.

3. At all times material hereto, Defendant, FRONTIER AIRLINE, INC., was a Foreign For Profit Corporation doing business in the State of Florida, including flying in and out of Orlando International Airport in Orange County, Florida, on a daily basis.

4. Venue is proper in Orange County.

5. All conditions precedent to maintaining this action have been met or waived.

**EXHIBIT A**

## FACTUAL ALLEGATIONS

6. Plaintiff purchased a ticket from Defendant to fly on Defendant's aircraft from Las Vegas, Nevada, to Orlando, Florida, on or about February 14, 2016, on flight number F91220.

7. At all times material to this action, Defendant employed, retained, gave authority to, or contracted with various persons and businesses to perform various functions and provide various services on the aircraft, including food and beverage service. In the alternative, the people and businesses who performed functions and provided services were held out to the public and Plaintiff as being the apparent agents, servants and employees of Defendant. At all times material to this action, the employees, agents, servants, or personnel were acting within the course and scope of their agency or employment thereby rendering Defendant liable for their acts and omissions.

8. During the flight to Orlando, Plaintiff ordered a hot tea, believing she would be served a pre-made hot tea.

9. Instead, Defendant's employees, agents, servants, or personnel negligently served Plaintiff a cup of scalding hot water and an unused tea bag so that Plaintiff had to make her own tea.

10. Defendant failed to warn Plaintiff of the dangerously high temperature of the hot water.

11. Furthermore, Defendant failed to warn Plaintiff of any oncoming turbulence that would interfere with Plaintiff's ability to safely make her tea.

12. As she tried to make her own tea with the scalding water, the aircraft hit turbulence and the water spilled on Plaintiff's lap, causing severe burns and permanent scarring.

**EXHIBIT A**

13. Plaintiff was unable to get proper medical attention to address her severe burns until the flight landed hours later.

## NEGLIGENCE

14. Plaintiff adopts and re-alleges paragraphs 1 through 13 above as if fully set forth herein.

15. At all times material to this action, Defendant was in possession and control of the premises and had a duty to:

   a. exercise ordinary and reasonable care for Plaintiff's safety;

   b. exercise ordinary and reasonable care to maintain the premises in a reasonably safe condition;

   c. inspect and correct dangerous conditions/perils that Defendant knew or should have known about as set forth herein; and

   d. give timely notice of patent, latent or concealed dangerous conditions/perils that were known or should have been known to Defendant.

16. On or about February 14, 2016, Defendant, by and through its authorized representatives, agents, employees or other personnel breached its duties by:

   a. failing to exercise ordinary and reasonable care for Plaintiff's safety (i.e., serving dangerously hot water and forcing Plaintiff to take the top off to make her own tea during a turbulent flight);

   b. failing to keep the premises in a reasonably safe condition by permitting and unsafe condition to remain, creating a dangerous condition/concealed peril (i.e., serving dangerously hot water and forcing Plaintiff to take the top off the cup to make her own hot tea during a turbulent flight);

**EXHIBIT A**

c. failing to make a reasonable inspection or discover the dangerous conditions/concealed peril which it knew about or should have known about, (i.e., serving dangerously hot water and forcing Plaintiff to take the top off the cup to make her own hot tea during a turbulent flight);

d. failing to reasonably correct or repair this dangerous conditions/concealed peril it knew about or should have known about, (i.e., correct the peril by serving pre-made hot tea so passengers would not have to expose themselves to an uncovered cup of dangerously hot water on a turbulent flight);

e. failing to take adequate safety measures and precautions to protect its invitees including Plaintiff from the dangerous condition/concealed peril Defendant knew or should have known about (i.e., precautions such as serving pre-made hot tea so passengers would not have to expose themselves to an uncovered cup of dangerously hot water on a turbulent flight);

f. failing to warn Plaintiff of the existence of the dangerous conditions/concealed peril Defendant knew about or should have known about (i.e., warning Plaintiff of the dangerously hot temperature of the water, and warning Plaintiff of the likelihood of turbulence).

17. The negligent and dangerous conditions were known to Defendant, or had existed for a sufficient length of time so that Defendant should have known of them through the exercise of reasonable care.

18. As a direct and proximate result, Plaintiff was injured, including bodily injury, permanent injury and future impairment, scarring, disfigurement, past and future pain and suffering, past and future medical expenses, and past and future lost income and wages, other

**EXHIBIT A**

economic damage, mental anguish, emotional distress and the loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff, VANESSA NEWPORT, sues the Defendant, FRONTIER AIRLINE, INC., a Foreign For Profit Corporation, for compensatory damages in an amount in excess of the jurisdictional limits of this Court, exclusive of interest and costs, and further demands trial by jury of all issues.

Respectfully submitted February 27, 2018.

*Christina Figueroa*
Christina Figueroa, Esq.
FBN: 120248
Hogan Law
5626 Curry Ford Rd. Suite 100
Orlando, FL 32822
P: (407) 377-0700
F: (407) 377-0701
www.HoganPA.com

**EXHIBIT A**