**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

VANESSA NEWPORT,

        *Plaintiff,*

v.

FRONTIER AIRLINES, INC.,

        *Defendant.*
_____/

Case No.: 6:18-cv-00536-Orl-18GJK

Honorable G. Kendall Sharp

Magistrate Judge Gregory J. Kelly

## DECLARATION OF LAURA T. RUSH

I, Laura T. Rush, declare and state:

1. I hold the position of Director of In-flight Services at Frontier Airlines, Inc. ("Frontier"), and I have been employed at Frontier since January 17, 2000.

2. In my role as Director of In-flight Services, I am responsible for all phases of Flight Attendant operations, including, but not limited to, training; performance evaluations; compliance with federal regulations; maintaining flight attendant qualifications; developing and implementing guidelines and policies; and providing technical guidance with Frontier's Flight Attendant Manual ("FAM").

3. I conducted an individual investigation into the claim asserted by Plaintiff, Vanessa Newport, in this action and was prepared to appear for a deposition in this action and testify based on my personal knowledge and information contained in the business records of Frontier. I have not been deposed in this matter.

4. This declaration is based on my training, experience, education, personal knowledge and/or information contained in Frontier's business records. This declaration specifically addresses the claim of Plaintiff Vanessa Newport, who was a passenger on Frontier Airlines Flight 1220 from Las Vegas, Nevada (LAS) to Orlando, Florida (MCO) on February 14, 2016 ("subject flight").

5. To enhance the customer's flying experience, Frontier offers its customers beverage service, which includes hot tea and coffee. Frontier does not serve custom-made or made-to-order beverages because (a) customers prefer to prepare their own beverages, (b) allowing the customer to prepare their own beverages to their liking is the industry standard, and (c) Frontier would not have the staff, time or resources to carry out a custom-order beverage service during flight.

**EXHIBIT B**

6. During Frontier flights, flight attendants perform various in-flight services, including offering passengers their choice of beverage.

7. According to Frontier's policies regarding hot beverage service in effect at the time of the subject flight, flight attendants were required to offer condiments, a napkin, a stir stick and a lid to passengers who ordered a hot beverage.

8. The flight attendant who provided beverage service to Plaintiff during the subject flight complied with Frontier's policies and industry standards by serving a cup of hot water covered with a lid with a teabag and sugar packets on the side.

9. It would have been inconsistent with Frontier's policies and industry standards had the flight attendant served Plaintiff pre-made hot tea or a made-to-order hot beverage.

10. The flight attendant who served Plaintiff during the subject flight was not required under Frontier's policies or industry standards to serve Plaintiff pre-made hot tea or a made-to-order hot beverage in response to Plaintiff's hot tea order.

11. At the time of the subject flight, there were no federal regulations that required air carriers that offered hot beverage service to serve hot beverages in a cup with a lid. There were also no federal regulations that required air carriers that offered hot beverage service to serve only pre-made cups of hot tea or made-to-order hot beverages. Currently, there are no federal regulations that require air carriers, which choose to offer hot beverage service, to serve passengers hot beverages only in a cup with a lid. There are also no federal regulations that require air carriers, which offer hot beverage service, to serve passengers only pre-made cups of hot tea or made-to-order hot beverages.

12. At the time of the subject flight, there were no federal regulations that prohibited air carriers from serving hot beverages without a lid, not pre-made and not made-to-order. Additionally, there were no federal regulations that prohibited air carriers from serving hot tea by providing passengers with a cup of hot water with a tea bag and condiments on the side.

13. Frontier has not received any reports from the flight attendants assigned to the subject flight indicating that the subject flight experienced any kind of turbulence, including light turbulence.

14. Even if the subject flight had experienced light turbulence, it would not have been improper to provide in-flight beverage service during such turbulence. Frontier's standards and industry standards permit in-flight beverage service during light turbulence.

15. During the subject flight, hot beverage service was never delayed, discontinued, intermittently stopped, or terminated due to flight conditions or turbulence.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.**

Dated: June 6, 2019          _____

**EXHIBIT B**