UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VANESSA NEWPORT                                    CASE NO:  6:18-CV-536-Orl-18GJK

    Plaintiffs,

vs.

FRONTIER AIRLINES, INC.,

    Defendant.
_____/

**PLAINTIFF, VANESSA NEWPORT'S RESPONSE TO DEFENDANT, FRONTIER AIRLINES, INC., MOTION FOR SUMMARY JUDGMENT**

**COMES NOW,** the Plaintiff, VANESSA NEWPORT, by and through her undersigned counsel, files the following Response to Defendant, FRONTIER AIRLINES, INC.'s Motion for Summary Judgment and in support thereof hereby states as follows:

**I. INTRODUCTION**

Plaintiff's personal injury claim is not barred by the Airline Deregulation Act of 1978 (hereinafter "ADA"). Additionally, Plaintiff has presented sufficient evidence that Frontier breached its duty of standard and reasonable care and caused her injuries. As such, Defendant's Motion for Summary Judgment should be denied.

**II. STATEMENT OF FACTS**

On February 14, 2016, Plaintiff was a passenger on Frontier Flight 1220 from Las Vegas, Nevada to Orlando, Florida. During the flight, Plaintiff ordered hot tea. Despite instances of turbulence, and instead of serving her a prepared tea, Frontier handed her a cop of hot water with a lid, a tea bag, and condiments for her own preparation. As plaintiff opened the lid to prepare

1

her tea, another instance of turbulence occurred and the hot water spilled all over her legs and lap causing injuries that included burns and scarring.

### III.     STANDARD OF SUMMARY JUDGMENT

Under Federal Rule of Civil Procedure 56(a): "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "The moving party bears 'the initial responsibility of informing the…court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986) (internal quotations omitted)).  When the moving party makes such a showing, the burden then shifts to the non-moving party, to show that a genuine issue of material fact does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257, 106 S.Ct. 2505 (1986).  In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Patton v. Trial Guar. Ins. Corp.*, 277 F.3d 1294, 1296 (11th Cir. 2002).

### IV.     ARGUMENT

#### A. Plaintiff's claim is not preempted by the Airline Deregulation Act of 1978 (ADA).

In 1978, Congress amended the Federal Aviation Administration (hereinafter "FAA") after determining that efficiency, innovation, low prices, variety, and quality would be promoted by reliance on competitive market forces rather than pervasive federal regulation. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 378, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992). To prevent the states from frustrating the goals of deregulation by establishing or maintaining

economic regulations of their own, Congress enacted §1305(a)(1), which preempts the states from enforcing any law "relating to rates, routes or service" of any carrier. *See id.* at 378-79. Nevertheless, according to the "savings clause", the United States Supreme Court maintained that state regulation was not expressly preempted. *See id.* at 378.

Whether a federal statue preempts state law is a question of Congressional intent. *Branche v. Aitrain Airways, Inc.*, 342 F.3d 1248, 1254 (11th Cir. 2003).

### 1. Congressional intent behind the ADA permits Plaintiff's tort claim

Over the years, courts have split over the definition of "service" as it relates to §1305(a)(1). On the one hand, the Fifth Circuit in *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995) for example, defined "service" as representing "a bargained-for or anticipated provision of labor from one party to another… including… *food and drink*…" (emphasis added). On the other hand, the Ninth Circuit in *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1265-66 (9th Cir. 1998) interpreted "service" as referring to "such things as the *frequency and scheduling of transportation, and to the selection of markets to or from which transportation is provided...*" rather than the dispensing of food and drinks. *See id.* (emphasis added). This court should adopt the "service" interpretation of the Ninth Circuit because it follows the congressional intent behind the ADA.

In *Charas*, a number of passengers brought suit against different airline companies for injuries. The issue was the same for all cases: whether the ADA preempted their personal injury claims on the basis of "service." One of the plaintiffs was Beverage suing Continental Airline after a flight attendant hit his shoulder with a service cart and caused him a dislocated shoulder, amongst other injuries. *See id.* at 1261. Another plaintiff was Charas suing Trans World Airlines after she tripped over a piece of luggage left in the aisle by a flight attendant. *See id.* The Ninth

Circuit held in all instances that the ADA did not preempt the passengers' claims. The court reasoned that when Congress enacted *federal* economic deregulation of the airlines, it intended to insulate the industry from possible *state* economic regulation as well. *Id.* "It intended to encourage the forces of competition. It did not intend to immunize the airlines from liability for personal injuries caused by their tortious conduct." *Id.* After all, as the court reasoned, airlines are still required to maintain insurance that covers bodily injuries and death. *See id.* at 1265. Therefore, complete preemption of state law would have rendered pointless the requirement of insurance coverage. Furthermore, the "savings clause" which provides that "[n]othing… in this chapter shall in any way abridge or alter the remedies now existing at common law…" read together with the preemption clause, evidences congressional intent to preserve state court remedies that already existed at common law. *See id.*

Echoing this reasoning is the case of *Barbakow v. USAir Inc.*, 950 F. Supp. 1145 (11th Cir. 1996), wherein a passenger sued an air carrier for negligence after a flight attendant dropped a soft drink on the passenger's foot causing him injuries. In that case, the court found that while the plaintiff's personal injury claims are "unquestionably related to a service… they do not run afoul of the statutory preemption because they are not instances of a state imposing its own substantive standards with respect to rates, routes or services..." (*Id.* at 1148) which was ultimately the congressional intent behind the ADA preemption. The court held that claims by private passengers caused by an air carrier's *breach of its duty of reasonable care* in providing cabin services, are *not* preempted by the ADA. *Id.* at 1149 (emphasis added).

Like in *Charas* and *Barbakow*, this case involves a passenger suing Frontier Airlines for personal injuries after a flight attendant handed her a cup of hot water that spilled during turbulence as she opened the lid. While Plaintiff's injuries involved a "beverage", her injuries

4

were the result of a flight attendant and airline's *breach of duty of reasonable care*. From the beginning, Congress's goal was to create *competition* between markets in order to promote efficiency, innovation, low prices, variety, and the overall quality of air travel. Therefore, when it enacted ADA, its intent was to prevent the states from establishing *economic* regulations over federal regulations. It was never Congress's intent to displace state tort law. As such, Plaintiff's claim in this case is not preempted by the ADA.

### 2. Plaintiff's tort claim is one of "safety" not "service."

While Defense relies heavily on the *Branche* case in arguing that Plaintiff's case is preempted by the ADA due to its definition of "service", *Branche* is completely distinguishable from the case at hand. The facts of that case revolved around a terminated employee alleging retaliatory discharge in violation of Florida's Whistleblower Act; not a passenger seeking state law personal injury action. Furthermore, *Branche* explicitly stands for the notion that even if "services" is construed to encompass food and beverage services…

> "…it's definition is nonetheless still limited to the "bargained for" aspect of airline operations over which carriers compete. *By contrast, those elements of air carrier operations over which airlines do not compete are not 'services' within the meaning of the ADA's preemption provision and state laws related to these elements are not preempted*.

*Branche*, 342 F.3d at 1258. (emphasis added).

*Branche* made clear that the phrase, "related to the… services of an air carrier" means having a connection with or reference to the elements of air travel that are *"bargained for"* by passengers with carriers. *Id.* This connection can be established by showing that the state law in question either directly regulates such service or, has a significant economic impact on them. *Id.* However, where the "service" is one that relates to *safety*, that is a different story. *Branche* found that safety is not a basis on which airlines compete for passengers, and as such, is not something

5

for which air travelers bargain; it is implicit in every ticket sold by every carrier. *Id.* at 1260. Safety operations are a necessity for all airlines. Whether or not to confirm to safety standards is not an option for airlines in choosing a mode of competition. *Id.*

In this case, Plaintiff's personal injury claim is not an element of air carrier operation over which airlines compete and therefore, cannot satisfy *Branche's* "service" definition. Plaintiff's state tort claim (sustaining injuries after hot water was spilled on her) does not regulate the airline's services nor does it have a significant economic impact on them. On the contrary, Plaintiff's claim relates to safety and the moment she purchased her airline ticket, she expected to be safe, she did not bargain for it. As such, Plaintiff's claim is not preempted by the ADA.

### B. Frontier breached a duty of standard and reasonable care and caused damages to Plaintiff.

It is well settled that if a legal duty exists, a defendant must exercise reasonable care under the circumstances. *See Gross v. Sand & Sea Homeowners Ass'n*, 756 So.2d 1073 (Fla. 4th DCA 2000). In a negligence action, whether a defendant exercised reasonable care under a given set of facts is generally an issue for the jury to decide. *See Whitt v. Silverman*, 788 So.2d 210, 220 (Fla. 2001). Moreover, custom or practice of a trade or industry is not a substitute for the legal standard of reasonable care but rather, it is evidence of it. *Muncie Aviation Corp. v. Party Doll Fleet, Inc.*, 519 F.2d 1178, 1180 (5th Cir.1975). "Compliance or noncompliance with such custom, though not conclusive on the issue of negligence, is one of the factors the trier of fact may consider in applying the standard of care." *Id.* at 1180–81.

The FAA, the authority on aviation safety standards, has an entire section on their Flight Standards Information Management System (hereinafter "FSIMS") regarding flight standards policy and guidelines. (*See* Exhibit A). Under Chapter 33, "Cabin Safety and Flight Attendant

6

Management", it specifically addresses standard policies and guidelines related to the service of hot liquids on flights. Subsection 3-3551(A) outlines the guidelines related to Potential Problems Associated with Food and Beverage Service as they pertain to Hot Liquids Service Procedures: "Reports are received regarding passengers and F/As burned by the spillage of hot liquids. Air carriers should have procedures discontinuing service of hot liquids when turbulent air is encountered that is not severe enough for the F/As to discontinue service." Additionally, subsection 3-3558(E)((4)(e) states the "[d]uring light turbulence, when service can continue, it is still advisable to discontinue the service of hot liquids and these liquids should be removed from the top of the cart."

In this case, it is undisputed that Plaintiff was handed a hot cup of water with a lid by the flight attendant along with a tea bag and sugar packet. Although the Defense argues that there was no turbulence during the flight, Plaintiff testified to the opposite in her deposition.

> Q:   Okay. What kinds of announcements were they"
> A:   **Well, we had to stay in our seat. We did, in the beginning of our trip have turbulence; and the usual how to put your mask and all the safety-**
> Q:   Okay. When you say "stay in your seat", is that-
> A:   **Seat belt on.**
> Q:   Okay and that would have been until the aircraft reached cruising altitude?
> A:   **And a little longer I believe.**
> Q:   Okay. And when you say "a little longer", is was because the aircraft encountered some turbulence?
> A:   **Correct. For safety, yes.**
> Q:   Okay, what kind of turbulence was it?
> A:   **Just typical what you have on an airline.**
> Q:   Okay.
> A:   **A little bit bumpy.**
>
> *(See Exhibit B, Vanessa Newport's November 1, 2018 Deposition, Page 23, line 22 through page 24 line 15.)*
>
> Q:   Okay. What's the next thing that happens after you take the cup and you place it on your tray table?

A: **Well, I have to remove the lid. And I remember that I removed the lid and the something jerked and then it just –I lost control of it and it came, you know, flying and pouring into my lap.**

Q: Okay. When you say "something jerked", you think it was the aircraft itself?

A: **Yes.**

Q: Okay.

A: **Like turbulence, I believe.**

*(Deposition Page 29, line 18 through page 30, line 4.)*

As the FSIMS outlines, even in light turbulence, when service can continue, it is advisable to discontinue the service of hot liquids. Common sense dictates such procedures. In this case, the turbulence Plaintiff experienced was enough to have prevented Frontier from serving her a hot cup of water with a lid and tea bag on the side that would require her to open said lid to prepare her tea. Had Frontier not breached its duty of reasonable care and abided by the FAA's standard policies and guidelines, Plaintiff would not have sustained injuries.

## V.   CONCLUSION

Plaintiff's personal injury claim is not barred by the ADA. Additionally, Plaintiff has presented sufficient evidence that Frontier breached its duty of standard and reasonable care and caused her injuries. As such, Defendant's Motion for Summary Judgment should be denied.

### CERTIFICATE OF SERVICE

**I CERTIFY** that on this 10th of July, 2019, I electronically filed the foregoing with the e-filing portal which will furnish a true and correct copy via e-mail to Tara Shelke from Adler Murphy and McQuillen, LLP, Attorney for Defendant, FRONTIER AIRLINES, INC.

/s/ Christina Figueroa
CHRISTINA FIGUEROA, ESQ.
Florida Bar No.: 120248
Hogan Law, P.A.
5734 S. Semoran Blvd
Orlando, FL 32822
Tel: (407) 377-0700

Fax: (407) 377-0701
*Attorneys for Plaintiff*

Fax: (407) 377-0701
*Attorneys for Plaintiff*