UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VANESSA NEWPORT,

        *Plaintiff*,

v.                                             Case No.: 6:18-cv-00536-Orl-18GJK

FRONTIER AIRLINES, INC.,                       Honorable G. Kendall Sharp
                                          Magistrate Judge Gregory J. Kelly

        *Defendant*.

_____/

**DEFENDANT FRONTIER AIRLINES, INC.'S**
**<u>REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>**
**(DISPOSITIVE MOTION)**

    Defendant FRONTIER AIRLINES, INC. ("Frontier"), by its undersigned counsel, pursuant to Fed. R. Civ. P. 56 and this Court's June 10, 2019 Order (Doc. #34), for its Reply in Support of Motion for Summary Judgment states:

    Plaintiff's Response to Frontier's Motion for Summary Judgement (Doc. #35) ignores Eleventh Circuit precedent in regard to preemption under the Airline Deregulation Act and it neglects to comply with Fed. R. Civ. P. 56 (c)(1) and Section II(H) of this Court's June 11, 2018 Case Management and Scheduling Order. (Doc. #15.) As to the latter, Plaintiff fails to specify the material facts as to which she contends there exists a genuine issue for trial. Because Plaintiff has not "set forth specific facts showing that there is a genuine issue for trial," this Court should grant Frontier's Motion for Summary Judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)).

> **A.    This Court should grant Frontier's Motion for Summary Judgment because the Eleventh Circuit has affirmatively held that "service of an air carrier" includes provision of food and drink.**

In *Branche v. Airtran Airways, Inc.*, the Eleventh Circuit examined the competing definitions of the phrase "service of an air carrier" used by the Ninth, Third, Fifth, and Seventh Circuits, and then adopted the following definition which it found "*compelling*:"

> Services generally represent a bargained-for or anticipated provision of labor from one party to another. If the element of bargain or agreement is incorporated in our understanding of services, it leads to a concern with the contractual arrangement between the airline and the user of the service. *Elements of the air carrier service bargain include items such as* ticketing, boarding procedures, *provision of food and drink*, and baggage handling in addition to the transportation itself. These matters are all appurtenant and necessarily included with the contract of carriage between the passenger or shipper and the airline. It is these contractual features of air transportation that we believe Congress intended to de-regulate as services and broadly to protect from state regulation.

342 F.3d 1248, 1256-57 (emphasis added).

The Court explained that it "perceive[d] no textual justification for a more truncated reading of 'service,'" "the clause is properly afforded an extremely broad scope," and it did "not share the concern that a broad reading of 'services' would result in the preemption of virtually everything an airline does." *Id.* at 1257-58 (citation omitted). Thus, in the Eleventh Circuit – which includes this Court – "[e]lements of the air carrier service bargain include … provision of food and drink," and Plaintiff's argument imploring this Court to adopt the Ninth Circuit's definition is without merit. *Id.* at 1257; (Doc. #35 at p.3.)

Here, application of this broad definition of "service" makes perfect sense. Plaintiff contests the manner in which Frontier served her tea, *i.e.*, that she was served tea which was not pre-made, rather than alleging that a negligent act was involved. Plaintiff's claim is, thus, unlike the cases cited in her Response. In *Barbakow v. USAIR, Inc.*, which pre-dates *Branche*, the plaintiff alleged negligence after a flight attendant dropped a soft drink can on her foot. 950 F.

Supp. 1145, 1146 (S.D. Fla. 1996). Likewise, in *Charas v. Trans World Airlines, Inc.*, a Ninth Circuit case which also pre-dates *Branche*, plaintiff Beverage alleged a state law tort claim after a flight attendant hit his shoulder with a service cart, and plaintiff Charas alleged negligence after she tripped over luggage left in the aisle by a flight attendant. 160 F.3d 1259, 1261 (9th Cir. 1998). Unlike *Barbakow* and *Charas*, where a flight attendant's conduct resulted in passenger injury, here, Plaintiff's claims relate to Frontier's beverage service policies, *i.e.*, a "bargained-for aspect[] of airline operations over which carriers compete." *Branche*, 342 F.3d at 1258. Just as "[b]oarding procedures are relevant to competition in the airline industry[,]" so too is provision of food and drink options. *Id.* As part of "the incidents of … transportation over which air carriers compete[,]" and to enhance the customer's flying experience, Frontier offers its customers beverage service on its flights, which includes allowing them to prepare their beverages to their own liking. *Id.* at 1259; (Doc. #33-2 at ¶5.)

There is no dispute that Plaintiff accepted the cup of hot water from the flight attendant, the cup was closed with a lid, the cup was in Plaintiff's control, and the contents spilled after Plaintiff removed the lid off the cup and lost control of it. (Doc. #33 at p.2-3 (¶¶4-6).) Plaintiff has not asserted that Frontier spilled hot water on her due to negligent conduct. Rather, Plaintiff is arguing for the imposition of a standard in Florida that would prohibit the service of hot beverages after a flight experiences "typical" turbulence, regardless of timing, duration, or intensity of such turbulence, unless the air carrier serves pre-made and custom-ordered hot beverages. The standard Plaintiff seeks to impose would not permit passengers to add more sugar or cream to their own hot beverage; only the flight attendant could remove the lid from the cup to further customize the beverage. The imposition of such a standard would require a fundamental change in the beverage service policies of all air carriers operating in Florida air space, which is

the kind of patchwork rules relating to "service" Congress explicitly intended to prevent through the enactment of Airline Deregulation Act ("ADA"). Accordingly, based on Eleventh Circuit precedent, Plaintiff's claims are preempted by the ADA.

B. ***This Court should grant Frontier's Motion for Summary Judgment because Plaintiff has not disputed Frontier's material facts with evidence supported by the record.***

This Court's Case Management and Scheduling Order mandates that a memorandum in opposition to a motion for summary judgment "shall specify the material facts as to which the opposing party contends there exists a genuine issue for trial, and shall be accompanied by affidavit(s) and other evidence required by Federal Rule of Civil Procedure 56." (Doc. # 15 at p.5) "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: … (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e). Courts in this District "will deem admitted any fact in the statement of material facts that the opposing party does not specifically controvert." *See, e.g., Pasternack v. Klein*, No. 8:16-cv-482-T-33CPT, 2018 U.S. Dist. LEXIS 46866, at *13-14 (M.D. Fla. Mar. 22, 2018); *Encarnacion v. Fin. Corp.*, No. 2:17-cv-566-FtM-38CM, 2018 U.S. Dist. LEXIS 196275, at *12 (M.D. Fla. June 8, 2018).

Here, Plaintiff's Response includes a section titled, "Statement of Facts." (Doc. #35, p. 1-2.) Plaintiff's limited "factual" assertions are wholly inadequate as they are not supported by "cit[es] to particular parts of materials in the record." *Id.*; Fed. R. Civ. P. 56(c)(1)(A). More importantly, Plaintiff does not challenge or contest Frontier's Statement of Undisputed Material. *Id.* Thus, pursuant to Fed. R. Civ. P. 56, this Court should consider all facts in Frontier's

Statement of Undisputed Material facts undisputed and deemed them admitted. In particular, the following facts should be deemed admitted:

- Frontier's manner of serving Plaintiff hot tea (not pre-made) did not deviate from industry standards or Frontier's policies;

- Frontier's manner of serving hot tea (not pre-made) did not violate federal regulations;

- At the time Frontier served Plaintiff her hot beverage, the flight was not experiencing turbulence;

- Prior to and during the flight, Frontier did not possess, and was not aware of, any information indicating that a weather system, weather cell, or weather condition which could cause turbulence was located in, or anticipated to be located in, the flight path of the flight;

- Frontier did not receive any reports during or after the flight that the flight experienced any kind of turbulence, including light turbulence;

- At the time Plaintiff was served her hot beverage on the flight, there were no flight conditions that required hot beverage service to be delayed, discontinued, intermittently stopped, or terminated; and

- At the time Plaintiff was served her hot beverage, the fasten seatbelt sign was off and passengers were permitted to get out of their seats and move about the cabin. Plaintiff characterized this portion of the flight as "smooth sailing."

Given that it is factually undisputed that (1) the manner in which Frontier served Plaintiff hot tea (not pre-made) did not deviate from any industry standards or Frontier's policies or violate federal law, and (2) at the time Plaintiff was served her hot beverage, the flight was not experiencing any turbulence, and there were no flight conditions that required hot beverage service to be delayed, discontinued, intermittently stopped, or terminated, there is no genuine dispute as to any material fact and summary judgment should be granted in its entirety.

**C.     There is no evidence that Frontier was prohibited from serving hot beverages because of "typical" turbulence at the beginning of the flight.**

To the extent this Court does not rule that the above-referenced facts are deemed admitted, there still does not exist a genuine dispute as to any material fact. Specifically, Plaintiff's reliance on her testimony that the flight experienced "typical" turbulence at the beginning of the flight is entirely undercut by the undisputed facts that once the aircraft reached its cruising altitude, the turbulence ceased and it was "smooth sailing." (Doc. #33-3 at 23:17-25:16; Doc. #33 at p.4 (¶12).) Further undermining Plaintiff's argument are the undisputed facts that at the time Frontier served Plaintiff her beverage, there were no flight conditions that required hot beverage service to be delayed, discontinued, intermittently stopped, or terminated. (Doc. #33 at p.4 (¶¶12, 17).) Accordingly, Plaintiff's testimony that there was "typical" turbulence at the beginning of the flight is irrelevant and immaterial given that such turbulence ultimately ended prior to beverage service commencing on the subject flight.

Additionally, Plaintiff's reference to a Department of Transportation Cabin Safety Guideline, which was produced by Frontier despite Plaintiff never having served any written discovery, is misplaced because these guidelines are irrelevant and immaterial to the extent they are dated March 5, 2019, almost three years after the alleged incident occurred (Doc. #35-1.). Under case law cited by Plaintiff herself, these guidelines are not admissible. *See Muncie Aviation Corp. v. Party Doll Fleet, Inc.*, 519 F.2d 1178, 1184 (5th Cir. 1975) ("if the guidelines were not published until after the events in question occurred the court could properly exclude them for lack of relevancy.") Even if the guidelines had been issued prior to the incident, and Plaintiff could lay the proper foundation for them, they would still be irrelevant and immaterial because they pertain to circumstances during which light turbulence is experienced by a flight, which was not the case here. Here, as beverage service began, and at the time Frontier served

Plaintiff her hot beverage, it is undisputed that the flight was not experiencing any turbulence[1]. As such, there were there no conditions that warranted a discontinuance of hot beverage service. (Doc. #33-2 at ¶15.)

It is also important to point out that Plaintiff's entire theory of liability hinges on her speculation that turbulence caused her to spill the hot water on herself. At her deposition, she stated the following: "I removed the lid and then something jerked and then it just – I lost control of it and it came, you know, flying and pouring into my lap." (Doc. #33-3 at 29:22-24.) When ask what caused the jerk, Plaintiff guessed turbulence, and went on to testify that she could not recall whether there was any turbulence after the "jerk." (Doc. #33-3 at 29:25-30:4.) Such speculation about what caused her to spill the hot water on herself further compromises Plaintiff's argument that a genuine issue of material fact exists. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008) ("Speculation does not create a genuine issue of fact."). Contrary to Plaintiff's unsupported conjecture, Frontier received no reports that the subject flight encountered any kind of turbulence. (Doc. #33-2 at ¶13.) Thus, Plaintiff has not met her burden of showing that a genuine issue of material fact exists, and Frontier is entitled to judgment as a matter of law.

D. **This Court should grant Frontier's Motion for Summary Judgment because Plaintiff has not produced any evidence that this incident caused her DVT.**

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment … against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp*

---

[1] It should be noted that at the time of the subject flight, Frontier had in place procedures for discontinuing hot beverage service during light turbulence. But these procedures were not exercised because there were no conditions that warranted discontinuance of hot beverage service.

*v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case essentially renders all other facts immaterial." *Id.* at 322-23. On June 10, 2019, this Court warned that "[f]ailure to oppose any motion for summary judgment may result in the entry of a judgment for the movant without further proceedings." (Doc. #34.)

Here, Plaintiff's Response entirely ignores Frontier's argument that there is no evidence that this incident caused Plaintiff's DVT. (Doc. #33.) Plaintiff's Response makes no mention of DVT, causation, Dr. Koti's Declaration or Dr. Carson's opinions. *Id.* Accordingly, this Court should find that there is no genuine dispute as to any material fact on this issue and that Frontier is entitled to judgment as a matter of law.

## CONCLUSION

WHEREFORE, Defendant FRONTIER AIRLINES, INC. respectfully requests that this Honorable Court grant its Motion for Summary Judgment and order any additional relief this Court deems necessary and proper.

Date: July 24, 2019                                      Respectfully submitted,

**FRONTIER AIRLINES, INC.**

By: *Tara Shelke*
One of Its Attorneys

Brian T. Maye (admitted *pro hac vice*)
Tara Shelke (admitted *pro hac vice*)
ADLER MURPHY & McQUILLEN LLP
20 South Clark Street, Suite 2500
Chicago, Illinois 60603
Phone: (312) 345-0700
Email: bmaye@amm-law.com
          tshelke@amm-law.com

- AND -

Dennis R. O'Connor (FBN: 376574)
Derek J. Angell (FBN: 73449)
O'CONNOR & O'CONNOR, LLC
800 North Magnolia Avenue, Suite 1350
Orlando, Florida 32803
Phone: (407) 843-2100
Email: doconnor@oconlaw.com
       dangell@oconlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2019, I caused the foregoing to be electronically filed with the United States District Court for the Middle District of Florida, Orlando Division, using the CM/ECF System.

                                        By: *Tara Shelke*
                                        One of the Attorneys for Defendant
                                        FRONTIER AIRLINES, INC.
                                        Brian T. Maye (admitted *pro hac vice*)
                                        Tara Shelke (admitted *pro hac vice*)
                                        ADLER MURPHY & McQUILLEN LLP
                                        20 South Clark Street, Suite 2500
                                        Chicago, Illinois 60603
                                        Phone: (312) 345-0700
                                        Email: bmaye@amm-law.com
                                                    tshelke@amm-law.com