UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VANESSA NEWPORT                                             CASE NO:  6:18-CV-536-Orl-18GJK

    Plaintiff,

vs.

FRONTIER AIRLINES, INC.,

    Defendant.
_____/

## PLAINTIFF'S MOTION IN LIMINE

COMES NOW, Plaintiff, VANESSA NEWPORT, by and through the undersigned counsel, and hereby files this Motion in Limine and moves this Court for an Order instructing Defendant, and their counsel, and all defense witnesses, to refrain from mentioning directly or indirectly, in any manner whatsoever, any of the matters set forth herein, without first approaching the bench and obtaining a ruling of the Court, outside the presence and hearing of all prospective or actual jurors, in regard to any alleged theory of admissibility on such matters.

Plaintiff shows this Court that these matters are not admissible in evidence on proper and timely objection.  Should the Defendant be permitted to interrogate witnesses, make comments to actual or prospective jurors, or offer evidence or argument concerning these matters, those comments would significantly prejudice the jury and the Plaintiff; the sustaining of an objection to such questions would not cure the prejudice but would rather reinforce the impact of such prejudice.

Based on matters raised in this case during pre-trial discovery, or based on experiences in similar cases, Plaintiff's counsel has heard argument with respect to, or deposition questioning or

answers, or fears the potential use of evidence of the following matters which are not proper to place before an actual or potential jury in this case, and the prejudicial effect on Plaintiff of such evidence, substantially outweighs any probative value:

1. That any governmental or charitable benefits are or might be available to Plaintiff. Such evidence or argument is not allowable unless the Defendant proves that Plaintiff has incurred no expenses, obligations, or liability for the benefit, and that the benefit is available to all citizens regardless of their status or wealth. *Florida Physicians Insurance Reciprocal v. Stanley*, 452 So.2d 514 (Fla. 1984); *Winston Towers 100 Assoc., Inc. v. DeCarlo*, 481 So.2d 1261 (Fla. 3d DCA 1986).

2. That Plaintiff' damages have been or will be paid, in whole or in part, by collateral sources. The Court must consider the issue of collateral sources after entry of a verdict in the Plaintiff' favor. Introducing evidence of collateral sources during the trial is reversible error. *Gormley v. GTE Products Corp.*, 587 So.2d 455 (Fla. 1991); F.S. §768.76; *Baun v. Smith,* 18 FLW D1043 (Fla. 1st DCA 1993); *White v. Westlund*, 624 So.2d 1148 (Fla. 4th DCA 1993).

3. Other personal injury claims, worker's compensation claims, or unemployment claims of the Plaintiff or any witnesses. Whether a person has filed claims or has claims for compensation before any tribunal is considered prejudicial and irrelevant. *See, e.g., Zabner v. Howard Johnson's, Inc.*, 227 So.2d 543 (Fla. 4th DCA 1969); *Calvin v. Williams*, 564 So.2d 1249 (Fla. 4th DCA 1990).

4. That there has been a mediation in this case, that there have or have not been any offers of settlement by any party, that there have been settlement discussions, or that any party has refused to settle. Federal Rules of Evidence explicitly bar all such matters. Fed. R. Evid. §408.

5. When and why the Plaintiff contacted personal counsel. This information is irrelevant and prejudicial. *Watson v. Builders Square, Inc.*, 563 So.2d 721 (Fla. 4th DCA 1990).

6. Stating personal opinions about the merits of the case, the credibility of the witnesses, or the culpability of the Plaintiff.  *Wasden v. Seaboard Coast Line Railroad Co.*, 474 So.2d 825 (Fla. 2d DCA 1985), *rev. den.* 484 So.2d (Fla. 1986); *Moore v. Taylor Concrete & Supply So., Inc.*, 553 So.2d 787 (Fla. 1st DCA 1989); *Blue Grass Shows, Inc. v. Collins*, 614 So.2d 626 (Fla. 1st DCA 1993), *rev. den.* 624 So.2d 264 (Fla. 1993); *Nelson v. Reliance Insurance Co.,* 368 So.2d 361 (Fla. 4th DCA 1978); *Riley v. Willis*, 585 So.2d 1024 (Fla. 5th DCA 1991); and *Sacred Heart Hospital of Pensacola v. Stone*, 650 So.2d 676 (Fla. 1st DCA 1995).

7. Any reference to whether the Defendant would have to pay a judgment in this case itself, or any evidence or commentary regarding the uninsured or underinsured status of any party.

8. Any commentary by one expert on the qualifications of another expert.  It is improper to impeach an expert witness by eliciting from another expert witness what he thinks of that expert, and allowing one expert to give his opinion as to the ability of another constitutes clear reversible error.  *Carver v. Orange County*, 444 So.2d 452 (Fla. 5th DCA 1993).

9. That any recovery by the Plaintiff would not be subject to federal income tax.  *Comfort Makers, Inc. v. Kenton*, 515 So.2d 1384 (Fla. 5th DCA 1987); *Good Samaritan Hospital Assoc., Inc. v. Saylor*, 495 So.2d 782 (Fla. 4th DCA 1986).

10. No statements or comments by the defense experts regarding the truthfulness or credibility of the Plaintiff or their claimed physical injury.  *Audano v. State*, 641 So.2d 1356 (Fla. 2d DCA 1994); *Page v. Zordan*, 564 So.2d 500 (Fla. 2d DCA 1990); *Francis v. State,* 512 So.2d 280 (Fla. 2d DCA 1987); *Hitchcock v. State*, 636 So.2d 572 (Fla. 4th DCA 1994); *Price v. State*, 627 So.2d 64 (Fla. 5th DCA 1993); *State v. Malarney*, 617 So.2d 739 (Fla. 4th DCA 1993); *Rowles v. State*, 613 So.2d 1335 (Fla. 2d DCA 1993); *Tingle v. State*, 536 So.2d 202 (Fla. 1988); *United State v. Azure*, 801 F.2d 336 (8th Cir. 1986); *Davis v. State*, 527 So.2d 962 (Fla. 5th DCA 1988); *Norris v. State*, 525 So.2d 998 (Fla. 5th DCA 1988); *Boatwright v. State*, 452 So.2d 666

(Fla. 4th DCA 1984); *Holiday v. State*, 389 So.2d 679 (Fla. 3d DCA 1980); *Bowles v. State*, 381 So.2d 326 (Fla. 5th DCA 1980).

11. That defense experts are not permitted to express any opinions at trial that were not previously disclosed in their depositions. *Office Depot, Inc. v. Miller*, 584 So.2d 587 (Fla. 4th DCA 1991); *Binger v. King Pest Control*, 401 So.2d 1319 (Fla. 1981); *Dep't of Health and Rehabilitative Services v. J.B.*, 675 So.2d 241 (Fla. 4th DCA 1996); *Garcia v. Emerson Electric Co.,* 677 So.2d 20 (Fla. 3d DCA 1996); *Grau v. Branham*, 626 So.2d 1059 (Fla. 4th DCA 1993); *Southern Bell Telephone and Telegraph Co., v. Kaminester*, 400 So.2d 804 (Fla. 3d DCA 1981); *Auto Owners Insurance Co., v. Clark*, 675 So.2d 3 (Fla. 4th DCA 1996).

12. Any statement or inference that Plaintiff, Plaintiff's attorneys, or any of Plaintiff's witnesses are insulting the intelligence of the jury or otherwise attempting to mislead the jury. *Walt Disney World Company v. Blalock*, 640 So.2d 1156 (Fla. 5th DCA 1994).

13. Defendant's expert witnesses should not be allowed to bolster their testimony with references to medical literature, treatises, or outside studies. It is well established in Florida that expert witnesses may not bolster their testimony with references to literature or treatises and that such documents are not admissible during the direct examination of an expert witness. *Erwin v. Todd*, 699 So.2d 275 (Fla. 5th DCA 1997). See also, *Chorzelewski v. Drucker*, 546 So.2d 1118 (Fla. 4th DCA 1989) (new trial granted in a negligence action where the trial court erred in permitting Plaintiff's expert witness to bolster his own opinion by using a medical treatise during direct examination); Fed. R. Evid. §706.

14. Challenging Plaintiff's counsel to explain to the jury why it did not call certain witnesses or why deposed witnesses were not at trial, or making other references to matters outside the record. *Riggins v. Mariner Boat Works*, 545 So.2d 430 (Fla. 2d DCA 1989); and *Sacred Heart Hospital of Pensacola v. Stone*, supra.

15. Defense expert witnesses should be prohibited from expressing opinions formed by reviewing inadmissible records. Specifically, an expert witness should be prohibited from commenting on his review of non-admissible medical records. *Erwin v. Todd,* supra.

16. That Plaintiff has not called to testify any witness equally available to both parties in this cause. *Weeks v. Atlantic Coast L. Ry. Co.,* 132 So.2d 315 (Fla. 1st DCA 1961).

17. References to this motion being filed or any rulings pertaining to the same.

18. That no mention be made of the effect or results of a claim, suit or judgment upon insurance rates, premiums, or charges, either generally or as particularly applied to the Defendant as a result of this lawsuit or any other lawsuit. *Davidoff v. Segret*, 551 So.2d 1274 (Fla. 4th DCA 1989).

19. Any reference or mention whether or not Plaintiff's counsel referred Plaintiff to any doctor. *Burt v. Geico*, 603 So.2d 125 (Fla. 2d DCA 1992).

20. That the Defendant be prohibited from questioning the Plaintiff with regard to any settlements and/or claims against other parties. *Samick Corp. v. Jackson*, 645 So.2d 1095 (Fla. 4th DCA 1994).

21. No defense expert may attempt to introduce inadmissible hearsay evidence. An expert cannot be a mere conduit of inadmissible hearsay. It is improper for an expert witness to relate hearsay statements or the contents of hearsay documents to the jury or to otherwise serve as a conduit for the purpose of placing inadmissible evidence before the jury. *Erwin v. Todd*, supra; *Bunyak v. Yancy*, 438 So.2d 891 (Fla. 2d DCA 1983).

22. Any witnesses, movies, photographs, or other evidence relating to the case previously requested but not timely disclosed during discovery or pursuant to this Court's orders.

23. Suggesting or arguing that counsel for Plaintiff always ask for many times more money than they expect to receive. *Harford Accident and Indemnity Co. v. Ocha*, 472 So.2d 1338 (Fla. 4th DCA 1985).

24. Any attempt to establish the facts of this case by impermissibly stacking inference upon inference. *Voelker v. Combined Insur. Co. of America*, 73 So.2d 403 (Fla. 1954); *Nielsen v. City of Sarasota*, 117 So.2d 731 (Fla. 1960); *Marlo Investments, Inc. v. Verne*, 227 So.2d 58 (Fla. 4th DCA 1969); *Greenhouse v. Thiermann*, 266 So.2d 566 (Fla. 2d DCA 1974); *Hughes v. Miktchell*, 617 So.2d 767 (Fla. 1st DCA 1993); *Girdley Construction Co. v. Ohmstede*, 465 So.2d 954 (Fla. 1st DCA 1985).

25. Any reference that objections have been made by Plaintiff to discovery requests or during any of the depositions taken in this case. Fed. R. Evid. §401; §402; §403.

26. Any reference by defense counsel of the words "guilty" or "not guilty" is improper in the context of a negligence action in a civil trial. Furthermore, the use of these words invokes an improper standard given that the burden of proof in a civil case is preponderance of the evidence, not beyond a reasonable doubt.

**WHEREFORE**, Plaintiff moves this Court for an Order prohibiting mention or presentation of evidence of the aforementioned matters any time during the trial of this case, except as set forth above.

## CERTIFICATE OF SERVICE

**I CERTIFY** that on this August 19, 2019, I electronically filed the foregoing with the e-filing portal which will furnish a true and correct copy via e-mail to Tara Shelke from Adler Murphy and McQuillen, LLP, Attorney for Defendant, FRONTIER AIRLINES, INC.

**/s/ Christina Figueroa**
CHRISTINA FIGUEROA, ESQ.
Florida Bar No.: 120248
Hogan Law, P.A.
5734 S. Semoran Blvd
Orlando, FL 32822
Tel: (407) 377-0700
Fax: (407) 377-0701
*Attorneys for Plaintiff*